[Cite as *State v. Rayner*, 2026-Ohio-808.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025CA0064 |
| Plaintiff - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appreal from the Canton Municipal Court, Case No. 2025 TRC 308 |
| MELISSA RAYNER, | Judgment: Dismissed |
| Defendant – Appellee | Date of Judgment Entry: March 10, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; Robert G. Montgomery, Judges

**APPEARANCES:** BEAU D. WEGNER, Assistant Prosecutor, for Plaintiff-Appellant; RY A. GRAHAM, for Defendant-Appellee.

*Baldwin, P.J.*

{¶1}   The appellant, the State of Ohio, appeals the decision of the Canton Municipal Court, which granted a motion to suppress evidence in favor of the appellee, Melissa Rayner. The relevant facts leading to this appeal are as follows.

### STATEMENT OF FACTS AND THE CASE

{¶2}   On January 16, 2025, Officer Ossler of the Louisville Police Department responded to a 9-1-1 call of an unresponsive female in a running car parked in a grocery store parking lot. Thirty minutes prior to that, there was a call for an unresponsive female with the same vehicle description in a Dunkin Donuts drive thru less than five minutes away.

**{¶3}** Upon arriving, the officer noted she was still unresponsive. She awoke when the officer put a hand on her shoulder. The officer removed her from the vehicle and performed field sobriety tests. As a result of the tests, the officer arrested the appellee for OVI.

**{¶4}** The appellee moved to suppress the evidence.

**{¶5}** The trial court granted the appellee's motion.

**{¶6}** The appellant entered a timely notice of appeal and herein raised the following sole assignment of error:

**{¶7}** "THE TRIAL COURT ERRED IN GRANTING RAYNER'S MOTION TO SUPPRESS BECAUSE HE HAD REASONABLE SUSPICION TO REQUIRE THAT SHE PERFORM FIELD SOBRIETY TESTS BECAUSE SHE WAS PASSED OUT BEHIND THE WHEEL, COULD NOT BE AWAKENED DESPITE POUNDING ON THE WINDOW AND SHOUTING HER NAME, AND BECAME COMBATIVE AFTER HE OPENED THE DOOR TO REMOVE THE KEYS."

## JURISDICTION

**{¶8}** As an initial matter, we must review whether the State followed the appropriate procedure for a prosecutor's appeal from an order granting a motion to suppress.

**{¶9}** Crim.R. 12(K) states in pertinent part:

**Appeal by state.** When the state takes an appeal as provided by law from an order suppressing or excluding evidence, or from an order directing pretrial disclosure of evidence, the prosecuting attorney shall certify that both of the following apply:

1) the appeal is not taken for the purpose of delay;

**2)** the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, or the pretrial disclosure of evidence ordered by the court will have one of the effects enumerated in Crim.R. 16(D)."

**{¶10}** Our review of the record reveals no certifying statement by the prosecutor as outlined in Crim.R. 12(K). Therefore, we are without jurisdiction to proceed to the merits of this appeal.

## CONCLUSION

**{¶11}** For the foregoing reasons, the appeal of the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby dismissed.

**{¶12}** Costs waived.

By: Baldwin, P.J.

Popham, J. and

Montgomery, J. concur.